905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Armando Eugene MINES, Petitioner.
 No. 90-8012.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1990.
Decided May 21, 1990.
 
 On Petition for Writ of Mandamus. (C/A No. 89-1440-HM)
 Armando Eugene Mines, petitioner pro se.
 PETITION DENIED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Armando Mines, a federal prisoner, brought this petition for writ of mandamus alleging that the district court had unduly delayed acting on two matters pending before it. The first was a Fed.R.Crim.P. 33 motion for new trial, which was filed shortly after the record in his criminal case was sent to this Court on appeal. In January 1990 Mines's conviction was affirmed. United States v. Mines, No. 89-5172 (4th Cir. Jan. 16, 1990) (unpublished). The record was returned to the district court in February 1990. Because the district court has only had the record with which to address the Rule 33 motion for three months, we hold that there has been no undue delay in acting on the motion. Therefore, we deny Mines's petition as to the Rule 33 motion.
 
 
 2
 Mines also alleged in his petition for writ of mandamus that the district court unduly delayed acting on a forfeiture action brought by the United States in May 1989. The forfeiture action was brought to seize jewelry owned by Mines which he allegedly procured with the proceeds from illegal drug transactions. United States v. $29,500 in Assorted Jewelry, HM-89-1440 (D.Md., Murray, J.). The jewelry was seized, and Mines moved for return of the property in July 1989. Mines also moved for appointment of counsel, change of venue, and summary judgment, along with several other motions. The government moved for a ruling on the pending motions in January 1990. The district court has not ruled on any motion in the case.
 
 
 3
 In February 1990 Mines brought this petition for writ of mandamus seeking an order directing the district court to act in the forfeiture case. He alleged that the district court had unduly delayed acting, and that he was harmed by the district court's delay. Mines's petition was filed less than one year after the forfeiture action was filed, and seven months after he moved for return of the jewelry.
 
 
 4
 We deny the petition for writ of mandamus because at the time it was filed, the case had been pending before the district court for less than one year. However, we note that the government has moved in the district court for a ruling on the pending motions, signalling its agreement that the action is ripe for disposition by the district court, and that no further delay is warranted. Our denial of the petition for writ of mandamus is therefore without prejudice to Mines's right to refile if the district court does not act on the case forthwith.
 
 
 5
 Although we grant leave to proceed in forma pauperis, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 PETITION DENIED.